FILED
SUPERIOR COURT
OF GUAM

2019 FEB 20 PM 2: 14

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN KEVIN CRUZ,<br><br>Defendant. | CRIMINAL CASE NO. CF0543-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Brian Kevin Cruz's ("Defendant") Motion to Bar Video and Still Photography During Hearings. Defendant is represented by Attorney Douglas B. Moylan,[1] and the People of Guam ("the Government") are represented by Assistant Attorney General J. Basil O'Mallan III. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On September 14, 2018, Defendant was indicted eight counts of First Degree Criminal Sexual Conduct (As a First Degree Felony); eight counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony); four counts of Third Degree Criminal Sexual Conduct (As

---

[1] The Motion, however, was filed by Defendant's prior counsel, Assistant Public Defender Jocelyn M. Roden.

a Second Degree Felony); Kidnapping (As a Second Degree Felony); Aggravated Assault (As a Second Degree Felony); Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony); Family Violence (As a Third Degree Felony); Felonious Restraint (As a Third Degree Felony); two counts of Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and Eluding a Police Officer (As a Misdemeanor). (Indictment, Sep. 14, 2018). Jury Selection and Trial in this matter is currently set for March 13, 2019.

On September 21, 2018, Defendant filed the instant Motion. On October 9, 2018, at the Criminal Trial Setting, counsel for the Government indicated that there would be an opposition to Defendant's Motion forthcoming. On November 21, 2018, the Government filed its Opposition. No reply was filed. Prior to the Government filing it's Opposition, however, the Alternate Public Defender was appointed to represent Defendant due to conflicts of interest arising with the appointment of the Public Defender Service Corporation. Subsequently, on January 15, 2019, at a Further Proceedings Hearing, Attorney Moylan was appointed to represent Defendant due to conflicts of interest arising with the appointment of the Alternate Public Defender. On January 29, 2019, at a Further Proceedings Hearing, Attorney Moylan indicated to the Court that he was also adopting the prior Motion to Bar Video and Still Photography During Hearings and moved the Court for a decision on the Motion. The Court gave leave to Defendant to submit any additional pleadings in support of the Motion, and indicated it would take the matter under advisement. At this time, the Court has only been in receipt of one media request for electronic proceedings.

## DISCUSSION

Defendant moves the Court to protect his Constitutional right to fair and impartial court proceedings by prohibiting media from photographing or filming any of his court hearings. *See generally*, Mot., Sep. 21, 2018. Defendant's objection stems from allegations that the media routinely violates the Media Rules promulgated by the Judiciary of Guam. *Id.* The Government objects, arguing that Defendant has provided "no good cause as to why the Court should prohibit media members from making recordings, as they are entitled to do under 8 G.C.A. § 1.23." (Opp'n at 1, Nov. 21, 2018). The Government further submits that "early instruction to

media members on following the Media Rules and close enforcement of those rules will provide the Defendant the relief he seeks." *Id.* at 4.

The Sixth Amendment guarantees a criminal defendant the right to a trial by a fair and impartial jury. U.S. Const. amend. V. This right is reiterated in Guam law at 8 G.C.A. § 1.11(a), which provides that "[i]n any criminal action, the defendant is entitled to a speedy and public trial." Title 8 G.C.A. section 1.23 provides that "[t]he taking of photographs in the courtroom during the progress of judicial proceedings, or radio or television broadcasting of judicial proceedings from the courtroom, shall be permitted by the Court, subject to restrictions in rules and regulations promulgated by the Court."[2] The Supreme Court of the United States has declined to hold that such a statutory right of access is prohibited by the Constitution. *Chandler v. Florida*, 449 U.S. 560, 581-82 (1981).

Here, "Defendant's primary concern is the restriction and intrusion by cameras thrusted at the defense table when [he] communicates with his lawyer." (Mot. at 3). Defendant further argues that the "media presence will likely hinder [his] ability to communicate with his counsel during hearings." *Id.* In *Chandler*, the Supreme Court acknowledges that "the general issue of the psychological impact of broadcast coverage upon the participants in a trial, and particularly upon the defendant, is still a subject of sharp debate." *Chandler*, 449 U.S. at 578. The Supreme Court concluded that "[w]hatever may be the mischievous potentialities of broadcast coverage for intruding upon the detached atmosphere which should always surround the judicial process, at present no one has been able to present empirical data sufficient to establish that the mere presence of the broadcast media inherently has an adverse effect on that process." *Chandler*, 449 U.S. at 578–79 (internal citations, alterations, and quotation marks omitted). Defendant has not provided any additional authority in support of his argument that the presence of the media will affect his state of mind during proceedings, nor to suggest that the

---

[2] On August 11, 2016, the Supreme Court of Guam issued Promulgation Order No. PRM16-001-01, adopting the proposed Judiciary of Guam Rules Governing Electronic Coverage of Judicial Proceedings, effective October 1, 2016. Under the Media Rules, there is a presumption that all judicial proceedings that are open to the public are subject to electronic coverage.

Supreme Court's assessment in *Chandler* has changed, warranting a complete exclusion of the media from the courtroom. The Court will, however, order that the media not record any conference, discussion, or conversation between: attorneys and their clients; between co-attorneys; or between attorneys and the judge held at the bench, pursuant to Rule 9(d).

Lastly, the Court acknowledges that "[t]he risk of juror prejudice is present in any publication of a trial, but the appropriate safeguard against such prejudice is the defendant's right to demonstrate that the media's coverage of his case—be it printed or broadcast—compromised the ability of the particular jury that heard the case to adjudicate fairly." *Chandler*, 449 U.S. at 575. At this time, the instant matter is still in pre-trial proceedings. No jury has been selected and no case has been presented. At this stage, the Court has no possible basis for making a finding of the prejudice required to overcome the media's right of access and the presumption of openness. Therefore, the Court denies Defendant's Motion.

This, however, does not foreclose any possible remedies for Defendant. Should this matter proceed to trial, Defendant has the right to move the Court to poll the jury to address any exposure to mid-trial publicity pursuant to *People v. San Nicolas*, 2016 Guam 32, or to move for a mistrial or a new trial under 8 G.C.A. § 110.30, upon the presentation of a factual basis presented for the Court to find that inherent prejudice or "an inference of actual prejudice" has arisen from the media's conduct. *See Murphy v. Florida*, 421 U.S. 794 (1975).

## MEDIA RULES

The Court hereby orders that the media implement any recording or photography in strict adherence to the rules and regulations established by the Supreme Court of Guam in Promulgation Order No. PRM16-001-01. Impossibility constitutes good cause for the Court to excuse adherence but ignorance or neglect will not. Additionally, the Court addresses Defendant's concerns and its own concerns in the administration of justice by emphasizing the following requirements:

1. The Media must request electronic coverage at least three (3) business days prior to the proceeding through the Media Request Form, pursuant to Rule 6(a).

2. The media will be limited to *one* still photographer, *one* video recorder, and *one* audio recorder at each proceeding. It is up to the media to determine how said photographer, video recorder, and audio recorder will be pooled, pursuant to Rule 10(g). The Court will not adjudicate the pooling arrangements of the media. The particular equipment used for the purposes of recording is subject to approval of the Court, at its discretion.

3. The Court has the sole discretion to determine if any sound produced by a still camera is "distracting" under Rule 10(b).

4. Media personnel permitted in the courtroom pursuant to the application for media coverage shall remain in the location designated by the Court and shall not move from the specified location or leave the courtroom during the proceedings, as required by Rule 10(e)&(f).

5. No conference, discussion, or conversation between: attorneys and their clients; between co-attorneys; or between attorneys and the judges held at the bench shall be recorded in any manner pursuant to Rule 9(d).

6. No jurors shall be recorded in any manner whatsoever pursuant to Rule 9(b).

7. No recording may take place in the courtroom until the proceedings have begun and they must immediately cease once the proceedings have ended. A proceeding begins once the judge takes the bench and ends once the judge leaves the bench.

The Court reserves proportionate sanctions for violations of these specific requirements above, up to and including exclusion of a particular person or media organization, pursuant to Rule 12. The media shall bear the burden of compliance with these rules and regulations and shall bear the burden of demonstrating such compliance if requested by the Court or a party to this matter.

The Court may revisit these requirements prior to the commencement of Jury Selection & Trial, and upon any revision of the Rules Governing Media Coverage of Proceedings in the Courthouse.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Bar Video and Still Photography During Hearings, and ORDERS the all media organizations to adhere with the above listed requirements. A separate media order will be filed contemporaneously with this Decision and Order reflecting the media orders listed above.

**IT IS SO ORDERED** this 20th day of February, 2019.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG + Moylan

Date: FEB 20 2019 Time: 2:30 pm

*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

FILED
SUPERIOR COURT
OF GUAM

2019 FEB 20 PM 2:14

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | |
| | ) | CRIMINAL CASE NO. CF0543-18 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN KEVIN CRUZ, | ) | RE: MEDIA COVERAGE OF |
| | ) | PROCEEDINGS |
| Defendant. | ) | |
| | ) | |

This matter is before the Honorable Vernon P. Perez. In accordance with its' Decision and Order, the Court hereby orders that the media implement any recording or photography in strict adherence to the rules and regulations established by the Supreme Court of Guam in Promulgation Order No. PRM16-001-01. Impossibility constitutes good cause for the Court to excuse adherence but ignorance or neglect will not. In addition, the Court addresses Defendant's concerns and its own concerns in the administration of justice by emphasizing the following requirements:

1. The media must request electronic coverage at least three (3) business days prior to the proceeding through the Media Request Form, pursuant to Rule 6(a).

2. The media will be limited to *one* still photographer, *one* video recorder, and *one* audio recorder at each proceeding. It is up to the media to determine how said photographer, video recorder, and audio recorder will be pooled, pursuant to Rule 10(g). The Court will not adjudicate the pooling arrangements of the media. The particular equipment used for the purposes of recording is subject to approval of the Court, at its discretion.

*People v. Cruz*
CF0543-18
Media Order

3. The Court has the sole discretion to determine if any sound produced by a still camera is "distracting" under Rule 10(b).

4. Media personnel permitted in the courtroom pursuant to the application for media coverage shall remain in the location designated by the Court and shall not move from the specified location or leave the courtroom during the proceedings, as required by Rule 10(e)&(f).

5. No conference, discussion, or conversation between: attorneys and their clients; between co-attorneys; or between attorneys and the judges held at the bench shall be recorded in any manner pursuant to Rule 9(d).

6. No jurors shall be recorded in any manner whatsoever pursuant to Rule 9(b).

7. No recording may take place in the courtroom until the proceedings have begun and they must immediately cease once the proceedings have ended. A proceeding begins once the judge takes the bench and ends once the judge leaves the bench.

The Court reserves proportionate sanctions for violations of these specific requirements above, up to and including exclusion of a particular person or media organization, pursuant to Rule 12. The media shall bear the burden of compliance with these rules and regulations and shall bear the burden of demonstrating such compliance if requested by the Court or a party to this matter.

The Court may revisit these requirements prior to the commencement of Jury Selection & Trial, and upon any revision of the Rules Governing Media Coverage of Proceedings in the Courthouse.

**IT IS SO ORDERED** this 20th day of February, 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AGA MOYLAN

Date: FEB 20 2019  Time: 2:30pm

*Cynthia T. Tiong*

Deputy Clerk, Superior Court of Guam

**HONORABLE VERNON P. PEREZ**
Judge, Superior Court of Guam

*People v. Cruz*
CF0543-18
Media Order

Page 2 of 2